**OUTTEN & GOLDEN LLP**
Molly A. Brooks
Michael C. Danna
685 Third Ave., 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIARA WELCOME, on behalf of herself and all others similarly situated,<br><br>                        **Plaintiff,**<br><br>     -against-<br><br>UNIQLO USA LTD.<br><br>                        **Defendant.** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Kiara Welcome, individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.     UNIQLO USA, Ltd. ("Uniqlo" or "Defendant") is a privately-owned company that operates retail stores in New York and around the country.  Plaintiff and the class members she represents are retail employees employed by Uniqlo in its New York retail locations.

2.     This lawsuit seeks liquidated damages and statutory penalties for Plaintiff and her similarly situated co-workers who work or have worked at Uniqlo in New York.

3.     Plaintiff brings this action on behalf of herself and retail employees in New York who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy

violations of the wage-and-hour provisions of the FLSA by Uniqlo, which have deprived Plaintiff and the class of their lawfully earned wages (the "Collective"), and pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, which have deprived Plaintiff of timely pay (the "New York Class").

## THE PARTIES

### Plaintiff

4. Kiara Welcome is an adult individual who is a resident of New York.

5. Plaintiff was employed by Uniqlo as a retail employee in New York from approximately September 2017 through March 2020.

6. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

### Defendant

7. Uniqlo employed Plaintiff and members of the New York Class at all relevant times.

8. During all relevant times, Uniqlo has been the employer of Plaintiff, Collective Members, and New York Class Members within the meaning of the FLSA and NYLL.

9. Uniqlo maintains its headquarters in New York, NY.

10. At all relevant times, Uniqlo maintained control, oversight, and direction over Plaintiff and New York Class Members and Collective Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

11. Uniqlo applied the same employment policies, practices, and procedures to all retail employees at various work locations in New York, including policies, practices, and procedures with respect to the frequency of pay.

12. Upon information and belief, at all relevant times, Uniqlo had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Uniqlo is subject to personal jurisdiction in New York.

3. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## NEW YORK CLASS ACTION ALLEGATIONS

5. Plaintiff brings the First Cause of Action under Rule 23, on behalf of herself and all similarly situated current and former retail employees whom Uniqlo paid untimely wages ("New York Class").

6. Excluded from the New York Class are Uniqlo Management, Uniqlo's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Uniqlo; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

7. The members of the New York Class ("New York Class Members") are readily ascertainable. The number and identity of the New York Class Members are determinable from Uniqlo's records. The hours assigned and worked, the positions held, and the rates of pay for each New York Class Member are also determinable from Uniqlo's records. For the purpose of notice and other purposes related to this action, her names and addresses are readily available from Uniqlo's records. Notice can be provided by means permissible under Rule 23.

- 3 -

8. The New York Class Members are so numerous that joinder of all members is impracticable, and the disposition of her claims as a class will benefit the parties and the Court.

9. Upon information and believe, there are more than 40 New York Class Members.

10. Plaintiff's claims are typical of those claims which could be alleged by any New York Class Member, and the relief sought is typical of the relief which would be sought by each New York Class Member in separate actions.

11. All the New York Class Members were subject to the same corporate practices of Uniqlo, as alleged herein, of failing to pay weekly.

12. Plaintiff and the New York Class Members have all sustained similar types of damages as a result of Uniqlo's failure to comply with the NYLL.

13. Plaintiff and the New York Class Members have all been injured in that she has been uncompensated or under-compensated due to Uniqlo's common policies, practices, and patterns of conduct. Uniqlo's corporate-wide policies and practices affected all New York Class Members similarly, and Uniqlo benefited from the same type of unfair and/or wrongful acts as to each of the New York Class Members.

14. Plaintiff and other New York Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

15. Plaintiff is able to fairly and adequately protect the interests of the New York Class Members and have no interests antagonistic to the New York Class Members.

16. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual New York Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual New York Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual New York Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual New York Class Members, establishing incompatible standards of conduct for Uniqlo and resulting in the impairment of the New York Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Uniqlo and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can

harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

19. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

20. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and the New York Class Members individually and include, but are not limited to, the following:

(a) whether Uniqlo violated NYLL Article 6;

(b) whether retail employees at Uniqlo are "manual workers" under the New York Labor Law

(c) whether Uniqlo correctly compensated Plaintiff and the New York Class Members on a timely basis; and

(d) the nature and extent of class-wide injury and the measure of damages for those injuries.

21. At all times relevant, Uniqlo maintained a policy and practice of paying all retail employees on a bi-weekly basis.

22. Uniqlo maintained this policy even though retail employees are manual workers for purposes of the New York Labor Law's frequency of pay provisions.

**COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiff brings the Second Cause of Action on behalf of herself and all similarly-situated current and former retail employees who were employed by Uniqlo for a period of three years prior to the filing of the Complaint and the date of final judgment in this matter, and who elect to opt into this action (the "Collective Members").

24. At all relevant times, Plaintiff and the Collective Members are and have been

similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject Uniqlo's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and the Collective Members their full compensation earned in a particular workweek on the regular payday for the period in which such workweek ends, which New York Labor Law defines as in the following calendar week. Plaintiff's claims stated herein are essentially the same as those of the other Collective Members.

25. Uniqlo is aware or should have been aware that federal law requires it to pay employees by the payday for the period in which their workweek ends, which in New York is the following calendar week.

26. Uniqlo's unlawful conduct has been widespread, repeated, and consistent.

27. The Second Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

28. The Collective Members are readily ascertainable.

29. For the purpose of notice and other purposes related to this action, the Collective Members' names and addresses are readily available from Uniqlo's records.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

30. Consistent with its policies and patterns or practices as described herein, Uniqlo harmed Plaintiff, individually, as follows:

31. Plaintiff worked for Uniqlo as retail employees in New York.

32. During Plaintiff's employment, over twenty-five percent of her job duties were physical tasks, including but not limited to standing at all times; organizing new inventory; walking customers around the store; transporting merchandise around the store; merchandising

and arranging displays; organizing and cleaning fitting rooms; and other tasks associated with keeping the store stocked, organized, and clean.

33. Plaintiff was compensated by Uniqlo on a bi-weekly basis consistently throughout her employment.

## ARTICLE III STANDING ALLEGATIONS

34. Plaintiff suffered an injury in fact that is concrete, particularized and actual.

35. During Plaintiff's employment with Uniqlo, Defendant failed to pay Plaintiff her wages timely when due. As a result of the untimely payments, Plaintiff forwent the opportunity to use the money to which she was entitled and she were deprived of the time value of her money, including but not limited to, interest.

36. Plaintiff's injuries were caused by Defendant, who failed to pay Plaintiff timely each workweek.

37. Plaintiff's injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Defendant.

38. Each New York Class Member suffered an injury in fact that is concrete, particularized and actual—i.e., that Defendant failed to pay them timely wages each workweek, and as a result of the untimely payments, New York Class Members lost the opportunity to invest or otherwise use the money to which she were entitled and she were deprived of the time value of her money, including but not limited to, interest. New York Class Members' injuries were caused by Defendant and can be redressed through the judicial relief of ordering the payment of monetary damages by Defendant to the New York Class Members.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

39. Plaintiff, on behalf of herself and New York Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

40. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Uniqlo and protect Plaintiff and the New York Class.

41. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

42. Through its knowing or intentional failure to provide Plaintiff and New York Class Members weekly as required by the NYLL, Uniqlo has willfully violated NYLL, Article 6, §§ 190, et seq., and the supporting New York State Department of Labor Regulations.

43. Due to Uniqlo's willful violations of NYLL, Article 6, § 191, Plaintiff and New York Class Members are entitled to the amount of her untimely paid wages in liquidated damages, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Collective)**

44. Plaintiff, on behalf of herself and the Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Under the FLSA and its implementing regulations, compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends. 29 C.F.R. § 778.106.

46. For retail employees in New York, the regular payday is at the end of each week.

47. Throughout their employment, Uniqlo paid retail employees on a bi-weekly schedule, in violation of 29 C.F.R. § 778.106.

48. As a result of Uniqlo's violations of the FLSA and its implementing regulations, Plaintiff and the Collective Members have been paid untimely and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

## REQUESTS FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff on behalf of herself and all members of the Collective and New York Class, request entry of judgment and the following specific relief:

A. Designation of this action as a collective action on behalf of the Collective (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this case as a class action pursuant to Rule 23;

C. Designation of Plaintiff as representative of the Collective and of the New York Class and counsel of record as Class Counsel;

D. Issuance of a declaratory judgment that the practices complained of in this First Amended Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations;

E. Payment of liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Appropriate equitable and injunctive relief to remedy Uniqlo's violation of New

York law, including but not limited to an order enjoining Uniqlo from continuing its unlawful practices;

      G.      Penalties, as provided by law;

      H.      Attorneys' fees and costs of action incurred herein, including any expert fees;

      I.      Pre-judgment and post-judgment interest, as provided by law; and

      J.      Such other legal and equitable relief as this Court deems necessary, just, and proper.

      K.      Finally, Plaintiff requests a reasonable service award to compensate her for the time she has spent and will spend attempting to recover damages for New York Class and for the risks she is taking in doing so.

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 29, 2025
       New York, New York

                            Respectfully submitted,
                            */s/ Molly A. Brooks*
                            Molly A. Brooks

                            **OUTTEN & GOLDEN LLP**
                            Molly A. Brooks
                            Michael C. Danna
                            685 Third Ave., 25th Floor
                            New York, New York 10017
                            Telephone: (212) 245-1000

                            *Attorneys for Plaintiff and the Putative Rule 23*
                            *Class and Collective*