

Advocates for Workplace Fairness

August 13, 2025

**Via ECF**
The Honorable Ronnie Abrams
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Kiara Welcome vs. UNIQLO USA, Ltd.,* Case No. 1:25-cv-03567

Dear Judge Abrams:

    We write regarding the above-referenced class and collective action. We represent the Plaintiff Kiara Welcome ("Plaintiff") and the putative class and collective. We submit this letter to respectfully request a three-week extension of time to serve the Defendant in this action, extending the deadline to serve from July 28, 2025 to August 18, 2025. Indeed, Plaintiff intends to serve corporate Defendant UNIQLO USA, Ltd., (hereinafter, "Defendant") before her requested extended deadline for service.

    Plaintiff commenced this action on April 29, 2025. This action centers on Defendant's failure to pay weekly wages to its retail employees in New York, which violates the timely pay provisions of NYLL § 191 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff represents a putative Class of retail employees who qualify as manual workers under NYLL § 191 and thus must be paid on a weekly basis. On May 9, 2025, ten days after Plaintiff filed the Class and Collective Action Complaint in this case, Governor Hochul signed into law Bill Number A03006C as part of the 2025-2026 budget, which purports to amend NYLL § 198(1-a) to reduce damages for first-time pay frequency violations under NYLL § 191. Since filing the Complaint, Plaintiff's counsel has been working to evaluate the impact of the Amendment on the case and did not serve the Complaint during this period. Plaintiff now intends to proceed with the litigation.

    Pursuant to Fed. R. Civ. P. 4(m), the Court has discretion to extend the time for service of process even absent any showing of good cause. *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996); *Zapata v. City of New York*, 502 F.3d 192, 196 (2nd Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause."). Plaintiff had good cause for additional time to evaluate the impact of the Amendment on her NYLL claims and determine how to proceed. *See, e.g., Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013) (explaining that good cause exists where delay in service was due in part to circumstances beyond plaintiff's control). In addition, Defendant would not be prejudiced by this brief extension of time to serve. *See Vantone Grp. L.L.C. v.*

New York  685 3rd Ave 25th Floor, New York, NY 10017  T (212) 245-1000  F (646) 509-2060
San Francisco  1 California Street, 12th Floor, San Francisco, CA 94111  T (415) 322-1391  F (415) 638-8810
Washington, DC  1225 New York Ave NW, Suite 1200B, Washington DC 20005  T (202) 914-5097  F (202) 847-4410
outtengolden.com  mail@outtengolden.com

August 13, 2025
Page 2 of 2

*Yangpu NGT Indus. Co.*, No. 13 Civ. 7639-LTS-FM, 2016 U.S. Dist. LEXIS 92180, at *14 (S.D.N.Y. July 15, 2016) (good cause found where defendant was not prejudiced by delay). Defendant has not yet appeared in this action, and Plaintiff seeks a short extension of only three weeks to serve Defendant.

Plaintiff respectfully requests that the Court extend the Plaintiff's time to serve Defendant by three weeks, or until August 18, 2025. This is Plaintiff's first request for an extension of time to serve, and there are no other deadlines scheduled on this matter to be affected should the Court grant Plaintiff the relief sought by this Motion.[1]

We thank the Court for its consideration on this matter.

Respectfully submitted,

Molly Brooks

cc:   All Counsel of Record (via ECF)

Application granted.

SO ORDERED.

Hon. Ronnie Abrams
August 14, 2025

---

[1] Because Defendant has not yet appeared in this case, Plaintiff did not seek consent from Defendant to file this request.